# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Ignacio R.,

        Petitioner,

v.

Todd Blanche, *Acting Attorney General*;
Markwayne Mullin, *Secretary, U.S.
Department of Homeland Security*; David J.
Venturella, *Acting Director of Immigration
and Customs Enforcement*; David
Easterwood, *Acting Director, St. Paul Field
Office Immigration and Customs
Enforcement*,

        Respondents.

File No. 26-CV-3182 (JMB/DLM)

**ORDER**

---

Kira Aakre Kelley, Climate Defense Project, Minneapolis, MN, for Petitioner Ignacio R.

David W. Fuller and Pedro Del Valle, IV, United States Attorney's Office, Minneapolis, MN, for Respondents Todd Blanche, Markwayne Mullin, David J. Venturella, and David Easterwood.

---

This matter is before the Court on Petitioner Ignacio R.'s[1] Petition for Writ of Habeas Corpus (Petition) under 28 U.S.C. § 2241 (Doc. No. 1 [hereinafter, "Pet."]), which names Todd Blanche, Markwayne Mullin, David J. Venturella, and David Easterwood as

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

Respondents.  (*Id.*)   For the reasons explained below, the Court grants the Petition.

### FINDINGS OF FACT

1.    Ignacio R. is a 27-year old native and citizen of Mexico.  (Pet. ¶ 11; Doc. No. 7-1 at 1.)

2.    In 2022, Ignacio R. entered the United States without inspection and has been living in the United States ever since.  (Pet. ¶ 12.)

3.    Ignacio R. does not speak or read in English.  (*Id.* ¶ 13.)

4.    On June 9, 2026, Ignacio R. was arrested by local law enforcement in Crow Wing County for driving without a license.  (*Id.*; Doc. No. 7 ¶ 10; Doc. No. 7-4.)

5.    On June 10, 2026, Ignacio R. appeared on the charge, Case No. 18-VB-26-1624, and a judge in Crow Wing County District Court ordered Ignacio R. released either without conditions and $2,000 bond, or with conditions.  (Pet. ¶ 13.)

6.    Jonathan Santiago, an Immigration and Customs Enforcement (ICE) Deportation Officer,[2] avers in a sworn declaration that ICE "issued an Immigration Detainer-Notice of Action to Crow Wing County Jail for [Ignacio R.] after record checks indicate [he] lacks immigration status to be legally present in the United States."  (Doc. No. 7 ¶ 6.)  Santiago did not append the detainer document to his declaration.

7.    Upon Ignacio R.'s release from Crow Wing County Jail on June 11, 2026, but before leaving jail, an ICE agent took Ignacio R. into ICE custody.  (Pet. ¶ 13; Doc. No. 7 ¶ 7.)

---

[2] Santiago does not aver that he has personal knowledge of the facts of Ignacio R.'s arrest, detention, or immigration proceedings.  (*See* Doc. No. 7 ¶ 1.)

8.      The ICE agent who took Ignacio R. into ICE custody does not speak Spanish. (Pet. ¶ 13.)

9.      The ICE agent who took Ignacio R. showed Ignacio R. paperwork, which was written in English. (*Id.*)

10.     Santiago appended a Form I-200 Warrant, dated June 10, 2026, to his declaration. (Doc. No. 7 ¶ 7; Doc. No. 7-2.)

11.     Ignacio R. does not recall if the ICE agent who took him into custody said anything to him upon his arrest, and if she did, it was all unintelligible to him because it was said in English. (*Id.*)

12.     Ignacio R. does not have a final order of removal and has not otherwise been subject to any immigration proceedings at any time prior to his June 2026 arrest while in the United States. (*Id.* ¶ 12.)

13.     On June 12, 2026, the Department of Homeland Security (DHS) issued a Notice to Appear, by which DHS charges Ignacio R. with being removable under INA § 212(a)(6)(A)(i), for being present in the United States without having been admitted or paroled, and 212(a)(7)(A)(i)(I) for not being in possession of a valid travel document "at the time of application for admission." (Doc. No. 7-3 at 1, 4.)

14.     Ignacio R. has been held without bond since his arrest at the Sherburne County Jail. (Pet. ¶ 6.)

15.     On July 3, 2026, Ignacio R. filed his Petition. (*See* Pet.)

16.     On July 6, 2026, the Court ordered Respondents, among other things, to respond to the Petition by or before 11:00 a.m. on July 8, 2026. (Doc. No. 4.)

17.     Respondents filed a timely response to the Petition.  (Doc. No. 6.)

**DISCUSSION**

In his Petition, Ignacio R. seeks immediate release, arguing that Respondents' arrest and detention of him violates the Immigration and Nationality Act and the Fourth and Fifth Amendments to the U.S. Constitution.  For their part, Respondents argue that that Ignacio R. is detained pursuant to DHS's statutory authority under 8 U.S.C. § 1225(b)(1).  For the reasons set forth below, the Court grants the Petition.

**A.     Right to Habeas Relief**

A writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)).  For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted).  The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted).  The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

### B.      Actual Basis for Arrest and Detention

It is an undisputed matter of fact that Respondents arrested Ignacio R. pursuant to their discretionary authority under 8 U.S.C. § 1226. The Form I-200 administrative warrant on which Respondents based their arrest of Ignacio R. was directed to "[a]ny immigration officer authorized pursuant to sections 236 and 287 of the [INA] [i.e., 8 U.S.C. §§ 1226, 1357] and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations." (Doc. No. 7-2.) In response to the Petition, however, the Respondents advance a different basis for their arrest and detention of Ignacio R., specifically, 8 U.S.C. § 1225(b)(2)(A), as interpreted by *Avila v. Bondi*, 170 F.4th 1128, 1133–35 (8th Cir. 2026) (concluding that section 1225(b)(2) requires the mandatory detention of non-citizens, without any individualized determination and regardless of whether the non-citizen is encountered at the border at the time of entry or in the interior of the United States months or years after entry).

The Court concludes that Respondents cannot now—in a written response to Ignacio R.'s habeas Petition—change the basis for their arrest of Ignacio R. Respondents arrested Ignacio R. under section 1226 alone and Respondents advance no legal argument to support the proposition that they can alter this fact via their written responses to the Petition. Thus, just as it stated in the Form I-200 on which Respondents based Ignacio R.'s detention, the Court concludes that Respondents have detained him pursuant to the framework of 8 U.S.C. § 1226. *See, e.g.*, *Martha C.G.P. v. Blanche*, No. 26-CV-2308 (DWF/JFD), 2026 WL 1329577, at \*2 (D. Minn. May 13, 2026) (rejecting respondents' contention that petitioner was subject to mandatory detention under section 1225(b) where the Form I-200

warrant served during petitioner's arrest represented that detention was pursuant to section 1226); *Hector J.A.S. v. Shea*, No. 26-CV-2242 (JRT/DLM), 2026 WL 1243500, at \*2 (D. Minn. May 6, 2026) (same); *see also Espinoza-Avalos*, No. 8:26-CV-0191, 2026 WL 1396593, at \*1–3 (D. Neb. May 19, 2026).

### C.      Invalidity of Warrant

Having determined that Respondents have detained Ignacio R. pursuant to section 1226, the Court next considers whether Ignacio R. was brought into custody pursuant to a valid warrant.  For the following reasons, the Court concludes he was not.

Pursuant to 8 U.S.C. § 1226(a), "[o]n a warrant issued by the Attorney General, a [non-citizen] may be arrested and detained pending a decision on whether the [non-citizen] is to be removed from the United States."  8 U.S.C. § 1226(a); *see also Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at \*3 (D. Minn. Jan. 5, 2026) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." (quotation omitted)).  A Form I-200 is an administrative arrest warrant which authorizes a non-citizen's arrest if it is issued "*[a]t the time of issuance* of the [NTA], *or at any time thereafter* and up to the time removal proceedings are completed."  8 C.F.R. § 236.1(b) (emphasis added).  Putting both rules together, DHS may arrest a non-citizen using a Form I-200 only if the Form I-200 issues at the same time or after DHS issues an NTA.  *See* 8 U.S.C. § 1226(a); 8 C.F.R. § 236.1(b)(1).

In this case, Respondents did not follow this sequence.  The record presented establishes that Respondents generated the NTA *after* the Form I-200 warrant.  As exhibits to his sworn declaration, Santiago provided a Form I-200 warrant dated June 10, 2026 and

6

an NTA form dated two days later, June 12, 2026.  (Doc. No. 7-2; Doc. No. 7-3.)  Thus, the Court concludes that the Form I-200 warrant was plainly invalid under 8 C.F.R. § 236.1(d), and Ignacio R.'s arrest was effected without a required warrant. [3]

Because Ignacio R.'s arrest was pursuant to an invalid warrant and therefore unlawful, immediate release is the appropriate remedy.  *See Gonzalez Ochoa v. McCleary*, 816 F. Supp. 3d 921, 927–28, (S.D. Iowa 2026) (concluding ICE had no authority to arrest petitioner relying on Form I-200 that issued before the NTA); *Alberto C.M. v. Noem*, 817 F. Supp. 3d 735, 739 (D. Minn. 2026) (granting petition on grounds that detention under section 1226(a) was unlawful where Form I-200 "was not issued until after [petitioner's] arrest and initial detention"); *see also, e.g.*, *Hector J.A.S. v. Shea*, No. 26-CV-2242 (JRT/DLM) 2026 WL 1243500, at *2 (D. Minn. May 6, 2026) (ordering release of petitioner where respondents did not issue NTA until booking following arrest in the field); *Pina C.D.B. v. Bondi*, No. 26-CV-1929 (KMM/DJF), 2026 WL 810676, at *3 (D. Minn. Mar. 24, 2026) (concluding "immediate release is the proper remedy" for arrest effected in absence of valid administrative warrant); *Jouquin C.S. v. Bondi*, No. 26-CV-1438 (DWF/DJF), 2026 WL 483256, at *2–3 (D. Minn. Feb. 20, 2026) (concluding DHS's detention of petitioner under section 1226(a) was unlawful because DHS arrested petitioner

---

[3] Respondents make no well-developed argument that the warrantless arrest provisions of 8 U.S.C. § 1357(a) alternatively justify Ignacio R.'s arrest.  At most, Respondents refute Ignacio R.'s characterization of his arrest as warrantless, but offer no response to the merits of Ignacio R.'s argument that he was subjected to an illegal warrantless arrest under the requirements of 8 U.S.C. § 1357(a).  Absent such an argument (and absent evidence in the record to support the necessary, two-part probable cause determination required by §1357(a)), the Court cannot conclude that the arrest was lawful.

pursuant to a Form I-200 that was invalid by virtue of being issued prior to issuance of NTA); *Marinero v. Bondi*, No. 26-CV-1007 (JMG), 2026 WL 357653, at *1 (D. Minn. Feb. 9, 2026) ("[I]ssuing an administrative warrant after an arrest . . . isn't good enough to trigger § 1226(a).").[4]

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED as follows:

1. Respondents are ORDERED to release Petitioner Ignacio R. <u>immediately</u>, and in any event no later than <u>4:00 p.m. CT on July 10, 2026</u>.

2. On or before <u>11:00 a.m. CT on July 13, 2026</u>, counsel for Respondents shall file a letter affirming that they have released Petitioner Ignacio R.

3. On or before <u>11:00 a.m. CT on July 13, 2026</u>, counsel for Respondents shall also file a declaration pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and affirms with supporting documentation that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that

---

[4] Although the Court need not address the question of whether Ignacio R.'s detention without bond violates the Fifth Amendment, it nevertheless alternatively concludes that, on balance, the *Mathews v. Eldridge* due-process factors tip in Ignacio R.'s favor. Ignacio R. has a significant private interest at stake (i.e., his liberty, his detention in a carceral setting); the risk of erroneous deprivation through incarceration is needlessly high when inexpensive procedures such as a bond hearing protect against erroneous deprivations of liberty; and the federal government has very little interest in incarcerating individuals en masse who pose little or no risk of flight or danger to the community. Thus, Ignacio R.'s ongoing detention is also unlawful for this reason as well. *See, e.g.*, R. v. Blanche, No. 26-CV-2283 (LMP/DLM), 2026 WL 1506306 (D. Minn. May 29, 2026) (concluding that respondents' mandatory detention without bond under 8 U.S.C. § 1225(b)(2) and *Avila* violated petitioner's rights to procedural due process and ordering a bond hearing); *Jesus Alejandro G.A. v. Blanche*, No. 26-CV-1932 (LMP/ECW), 2026 WL 1383138 (D. Minn. May 18, 2026) (same).

Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation).  Respondents must submit each of the following three forms to affirm return of Petitioner's property: I-77, I-216, and G-589.  If Petitioner's property is lost, Respondents must also submit form I-387, "Report of Detainee's Missing Property."  If Respondents cannot provide one or more of these forms, Respondents must address why they are unable to do so.

4. Petitioner Ignacio R. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 20 U.S.C. § 2412(d).

5. To the extent Petitioner Ignacio R. seeks additional relief, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  July 9, 2026

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court

9